**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| KARL BUHLER and REGINALD BENOIT,<br><br>           **Plaintiffs,**<br><br>v.<br><br>BCG EQUITIES, LLC,<br><br>           **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00814-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant BCG Equities, LLC's Motion for Judgment on the Pleadings regarding Plaintiffs Karl Buhler and Reginald Benoit's Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The court held a hearing on the motion on February 4, 2020. At the hearing, Gregory M. Constantino represented Defendant and Daniel Baczynski represented Plaintiffs. The court took the matter under advisement. The court considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiffs Karl Buhler ("Buhler") and Reginald Benoit ("Benoit") are Utah residents and individual debtors. Defendant, BCG Equities, LLC ("BCG"), is a debt collection agency located in Wisconsin and conducts some of its business in Utah. BCG purchased Plaintiffs' debts from various lending agencies and sought to collect those debts in Utah.

On February 8, 2019, BCG filed a consumer debt collection action against Benoit (the "Benoit Action") and obtained a default judgment of $1,367.25 on April 1, 2019. On March 5, 2019, BCG filed another consumer debt collection action in the Fourth Judicial District Court of Utah against Buhler (the "Buhler Action") and obtained a default judgment of $4,709.72 on April 23, 2019. At the time of the Buhler Action and the Benoit Action (collectively, the "Collection Actions"), BCG was allegedly not registered with the state of Utah to collect debts as required by the Utah Collection Agency Act (the "UCAA"). *See* Utah Code §§ 12-1-1–12-1-11. Despite its alleged unregistered status, BCG then attempted to garnish Buhler's and Benoit's wages to satisfy the default judgments.

In October 2019, based on BCG's actions, Plaintiffs filed the instant suit against BCG in the Third Judicial District Court of Utah. In their Complaint, Plaintiffs assert two claims for relief against BCG: (1) violation of the Fair Debt Collection Practice Act (the "FDCPA"), s*ee* 15 U.S.C. §§ 1692e–f; and (2) violation of the Utah Consumer Sales Practice Act (the "UCSPA"). *See* Utah Code §§ 13-11-1–13-11-23. BCG subsequently removed the case to this court.

## DISCUSSION

BCG now moves to dismiss both claims for relief pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A party may make a 12(c) motion for judgment on the pleadings once the pleadings are closed, Fed. R. Civ. P. 12(c), and courts treat such motions as "motion[s] to dismiss under Rule 12(b)(6)," *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (*citing Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir.1992)). Thus, under the 12(b)(6) standard, for a plaintiff's case to survive a motion for judgment on the pleadings, the plaintiff's "complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir.

2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (quotation marks omitted). "[A]ll well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018) (quoting *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)). "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Ultimately, the issue "is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support [the plaintiff's] claims." *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (citation omitted).

## I.      FDCPA Claim

Congress enacted the FDCPA because of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "Because the FDCPA . . . is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

Plaintiffs' first claim for relief alleges BCG violated Sections 1692e(2), (5), (10), and Section 1692f of the FDCPA. *See* 15 U.S.C. §§ 1692e–f. On this claim, Plaintiffs argue that Section 1692e(5) is particularly relevant. Section 1692e(5) prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "[t]he threat to take any action that cannot legally be taken." Plaintiffs contend that BCG violated

Section 1692e(5) by instigating the Collection Actions while unregistered with the state of Utah according to the UCAA. *See* Utah Code § 12-1-1. Importantly, as both Plaintiffs and Defendant note, the UCAA imposes only criminal penalties for operating as a collection agency in Utah while unregistered. *See* Utah Code § 12-1-6 (noting that a violation of the UCAA is a class A misdemeanor).

In its defense, BCG argues that (A) failing to comply with the UCAA's registration provision would not make it illegal for BCG to file debt collection actions in Utah, and (B) even if it is illegal to file suit while unregistered, courts cannot transform a UCAA violation into a private right of action under the FDCPA. The court will address both arguments in turn.

**A.  Operating as a Collection Agency in Utah While Unregistered is Illegal**

In an apparent attempt to argue around the clear illegality of operating as a collection agency while unregistered with the State, BCG contends that (1) "there is no requirement under Utah law for a debt collector to be licensed, nor does Utah law require or even offer such a license;" and (2) "there is nothing under the UCAA or Utah law that would prevent an *un*registered debt collector from prosecuting an action in Utah." Def.'s Mot. for J. on the Pleadings 7, 8 (emphasis in original). BCG attempts to distinguish licensing statutes from registration statutes, arguing that registration statutes somehow require a lower level of adherence or do not carry the same legal weight as licensing statutes. This argument is unpersuasive and irrelevant. The only relevant issue is whether it is illegal for a collection agency to file a debt collection action in Utah while not compliant with the UCAA's registration provision. The court concludes that it is.

The legality of a collection agency filing suit while unregistered is squarely answered by Utah Code § 12-1-1 and Utah Code § 12-1-6. Utah Code § 12-1-1 clearly mandates that "[n]o person shall conduct a collection agency . . . unless at the time of conducting the collection agency

. . . that person . . . is registered with the Division of Corporations and Commercial Code and has on file a good and sufficient bond as hereinafter specified." Utah Code § 12-1-6 provides that anyone who "fails to comply with any provision of [the UCAA] is guilty of a class A misdemeanor." Indeed, the legislature's decision to treat failure to register and "subsequent pursuit of unauthorized debt collection activity [as] a misdemeanor criminal act demonstrates the seriousness with which the state of [Utah] intends to address violations of the [UCAA]." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010). Thus, BCG's argument attempting to relegate registration statutes to a lesser status than licensing statutes is unavailing. As such, the court concludes that a credit collection agency violates Utah law when it files suit to collect debts while unregistered with the State according to the provisions of the UCAA.

### B.   Caselaw Demonstrates that a UCAA Violation May Support an FDCPA Violation

BCG argues that even if it is illegal to file a collection action as a collection agency while unregistered with the state of Utah, this court cannot transform a UCAA violation into a private right of action. To support this argument, BCG frequently cites language from *Gunther v. Midland Credit Mgmt., Inc.*, where the court held that it "cannot transform a (purported) violation of the UCCA [sic] into a private right of action under the FDCPA. In other words, even if [the defendant] violated the UCAA, the law simply affords [the plaintiff] no relief." No. 2:17-CV-704, 2018 WL 4621764, at **5, 9 (D. Utah Sept. 26, 2018) (unpublished) (citation omitted). BCG's reliance on this language, however, is unpersuasive for two reasons.

First, *Gunther* holds that a violation of the UCAA may support a violation of the FDCPA under certain circumstances. *Id.* at *9 (denying the defendant's motion to dismiss because of a potential UCAA violation). In *Gunther*, the plaintiff claimed the defendant violated the FDCPA by (1) "taking assignments of time-barred debt for collection in violation of Utah Law and (2)

sending dunning letters that attempt to settle time-barred debts." *Id.* at *5. Regarding the mere taking assignments of time-barred debts, the court held that the acquisition of time-barred debts alone could not transform a violation of the UCAA into a private right of action under the FDCPA. *Id.* This holding, however, is but one of the court's considerations in the opinion.

Turning to the issue of whether "sending dunning letters that attempt to settle time-barred debts," the *Gunther* opinion spends considerable time discussing how the UCAA ***may*** provide a basis for an FDCPA violation. *Id.* at *6. Specifically, *Gunther* addressed whether the plaintiff's dunning letters threatened to take an action that the defendant could not legally take by threatening litigation to collect the time-barred debts. *Id.* at **6–9. The court ultimately held the defendant's dunning letters could "plausibly lead an unsophisticated consumer to believe that the time-barred debt [was] legally enforceable" and denied the defendant's 12(b)(6) motion on that issue. *Id.* at 8. Thus, *Gunther* establishes that the UCAA may, in certain circumstances, provide the basis for an FDCPA violation. *Id.* at **6–9.

Second, there are other opinions that also address whether a UCAA violation can serve as the basis for an FDCPA violation that BCG fails to consider. For example, in *Garner v. Asset Mgmt. Assocs., Inc.*, the court rejected the claim that failing to register created a *per se* violation of the FDCPA, but noted the narrow application of the ruling:

> This does not mean, however, that failing to register may never result in an FDCPA violation. Indeed, the FDCPA expressly prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken . . . . Importantly, however, courts distinguish between communications that merely inform a person they owe a debt versus those that threaten to take an action.

No. 2:10-CV-00965 CW, 2011 WL 6398112, at *1 (D. Utah Dec. 20, 2011) (unpublished) (internal citations omitted). Additionally, in *Muscato v. Northland Grp., Inc.*, the court noted:

> [A]s numerous cases provide, a debt collector is permitted to collect on a debt after the statute of limitations has expired, *provided that those efforts do not include the*

> *threat or actual filing of a lawsuit.* Here, there is no evidence that Defendant
> threatened a lawsuit and Defendant never filed a lawsuit.

No. 1:13-CV-00042-CW, 2015 WL 12600165, at *6 (D. Utah Jan. 30, 2015), *abrogated by*

*Gunther,* 2018 WL 4621764 (D. Utah Sept. 26, 2018) (internal citations omitted) (unpublished)

(emphasis in original).

These three decisions—notably all from the same judge—support Plaintiffs' argument that

a violation of the UCAA's registration provision may provide a basis for finding an FDCPA

violation when accompanied by the filing of a lawsuit to collect debt. Such a conclusion does not

transform a UCAA violation into a private right of action under the FDCPA, but rather the alleged

UCAA violations form the essential elements to make out a Section 1692e(5) claim.

Here, Plaintiffs' claim is not that BCG's failure to register with the State and filing of the

Collection Actions are themselves FDCPA violations. Instead, Plaintiffs' claim that *BCG took*

*action that it could not legally take* in pursuit of Buhler and Benoit's debts, thus violating Section

1692e(5) of the FDCPA. Furthermore, if a violation of a state criminal statute could not serve as a

basis for a Section 1692e(5) claim—because doing so would improperly grant a private right of

action under a state criminal statute—the scope Section 1692e(5) claims would be drastically

diminished contrary to the stated purpose of the FDCPA. *See* 15 U.S.C. § 1692(b).

For the foregoing reasons, the court concludes that Plaintiffs have adequately pleaded that

BCG violated 15 U.S.C. § 1692e(5).  Accordingly, the court denies BCG's motion for judgment

on the pleadings as to Plaintiffs' first claim for relief.

## II.   UCSPA Claim

One of the stated purposes of the UCSPA is "to protect consumers from suppliers who

commit deceptive and unconscionable sales practices." Utah Code § 13-11-2(2). A deceptive or

unconscionable sales practice "by a supplier in connection with a consumer transaction violates

[the UCSPA] whether it occurs before, during, or after the transaction." *Id.* §§ 13-11-4(1), 13-11-5(1). Although not expressly stated in the language of the Act, the UCSPA applies to collection agencies and debt collection actions. *See Sexton v. Poulsen & Skousen P.C.*, 372 F. Supp. 3d 1307, 1320 (D. Utah 2019) (holding that credit collection agencies fit within the UCSPA's definition of a "supplier" and debt collection actions fall within the meaning of a "consumer transaction").

In their second claim for relief, Plaintiffs allege that BCG violated the UCSPA by engaging in deceptive and unconscionable sales practices by filing the Collection Actions while unregistered with the State. Specifically, Plaintiffs contend that BCG represented through its conduct (the filing of the Collection Actions) that it was registered with the State and, therefore, it engaged in unconscionable and deceptive practices. To support this claim, Plaintiffs rely upon Utah Administrative Code, Rule 152-11-5(B)(5): "It shall be a deceptive act or practice in connection with a consumer transaction . . . for a supplier to misrepresent that the supplier had the particular license, bond, insurance, qualification, or expertise that is related to the work to be performed." The court, however, is unpersuaded by Plaintiffs' argument that BCG's failure to register and failure to disclose their registration or bond status is sufficient to find a violation of the UCSPA for two reasons.

First, holding that failure to disclose a registration status before instigating a collection action—without adequate allegations of affirmative, false statements of registration or bond status in order to deceive debtors—would, in fact, transform a violation of the UCAA into a private right of action under the UCSPA. Again, the *Gunther* opinion is germane to this discussion.

In *Gunther*, the plaintiff argued that the unlawful acquisition of time-barred debts in violation of the UCAA resulted in a violation of the UCSPA because the practice was unfair or deceptive. *Gunther*, 2018 WL 4621764, at *9. The court dismissed the claim "because the court

cannot transform a (purported) violation of the UCCA [sic] into a private right of action under the UCSPA. In other words, even if [the defendant] violated the UCAA, the law simply affords [the plaintiff] no relief." *Id.* (internal citation and formatting omitted). Indeed, the discussion about the FDCPA in *Gunther* similarly applies to a UCSPA claim, meaning that a plaintiff must argue more than the violation of the UCAA to have a cognizable claim under the UCSPA. *Id.* at **5–6, 9. Thus, *Gunther* demonstrates that a debt collector must engage in unfair or misleading conduct beyond what the UCAA prohibits to support a finding that a collection agency also violated the UCSPA. *Id.* The additional misleading conduct is precisely what Utah Administrative Code, Rule 152-11-5(B)(5) requires when it states that a supplier must "misrepresent that [it] had the particular license . . . that is related to the work to be performed."

Here, Plaintiffs argue that BCG's failure to disclose its unregistered status before or during the Collection Actions should form a sufficient basis to support a UCSPA violation. This argument appears to allege something beyond a UCAA violation. But, to hold that BCG's failure to disclose its unregistered status to Plaintiffs is alone enough to constitute a UCSPA violation would have the same effect as transforming a violation of the UCAA into a private right of action. Such a holding would not require a plaintiff to allege anything beyond a violation of the UCAA's registration provision. This does not mean, however, that a collection agency can never violate the UCSPA by failing to disclose its unregistered status to a debtor.

Indeed, it may be a violation of the UCSPA if a debt collector affirmatively misrepresented its registration status or evidence is presented that an agency concealed its registration status with knowledge or intent to deceive a debtor. *See, e.g.*, Utah Admin. Code, r. 152-11-5(B)(5). Such allegations are not present here. Plaintiffs have not complained that BCG made any affirmative statements regarding its registration or bond status, or that BCG intentionally or knowingly ignored

the UCAA's registration requirements to mislead, deceive, or gain an advantage over debtors. Thus, Plaintiffs are improperly attempting to transform a violation of the UCAA into a private right of action under the UCSPA.

Second, Plaintiffs have failed to plead that BCG had the requisite knowledge or intent to engage in deceptive and or unfair business practices as required by the UCSPA. To "establish a violation of the UCSPA, [a plaintiff] [is] required to establish that [the defendant] knowingly or intentionally engaged in deceptive acts or practices." *Martinez v. Best Buy Co.*, 283 P.3d 521, 523–24 (Utah Ct. App. 2012). Here, the Complaint contains a few conclusory allegations about BCG's intent and deceptive practices. *See, e.g.*, Compl. at ¶¶ 15, 42 (alleging BCG engaged in "systematic, intentional, and predatory debt collection" practices and that BCG engaged in activities "knowingly and intentionally to harm consumers and gain an advantage over its competitors"). The Complaint does not, however, contain any sufficiently plead facts that would show BCG knowingly made misleading statements or intended to deceive Plaintiffs regarding its registration or bond status. Thus, BCG has failed to make out a sufficient claim regarding BCG's knowledge or intent. Accordingly, BCG's 12(c) Motion for Judgment on the Pleadings regarding the Plaintiffs' second claim for relief must be granted.

## CONCLUSION

Based on the foregoing reasoning, Defendant's Motion for Judgment on the Pleadings is GRANTED in part and DENIED in part. Defendant's motion is DENIED as to the first claim for relief (the FDCPA claim), and Defendant's Motion is GRANTED as to the second claim for relief (the UCSPA claim).

Dated this 24th day of February, 2020.

BY THE COURT:

DALE A. KIMBALL
United States District Judge