IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KARL BUHLER and REGINALD BENOIT,<br><br>     Plaintiffs,<br><br>v.<br><br>BCG EQUITIES, LLC,<br><br>     Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00814-DAK<br><br>Judge Dale A. Kimball |

  This matter is before the court on Plaintiffs Karl Buhler and Reginald Benoit's Motion for Reconsideration Granting in Part Defendant BCG Equities, LLC's Motion for Judgment on the Pleadings. Because the court concludes that oral argument would not significantly aid in its determination of the motion, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

## BACKGROUND

  Plaintiffs are Utah residents and individual debtors. Defendant, BCG Equities, LLC ("BCG"), is a debt collection agency located in Wisconsin and conducts some of its business in Utah. BCG purchased Plaintiffs' debts from various lending agencies and sought to collect those debts in Utah. To do so, BCG initiated consumer debt collection actions against Plaintiffs and obtained default judgments to collect the outstanding debts. At the time BCG filed the debt collection actions, however, it was allegedly unregistered with the state of Utah to collect debts as required by the Utah Collection Agency Act (the "UCAA"). *See* Utah Code Ann. §§ 12-1-1– 12-1-11. Despite its alleged unregistered status, BCG then attempted to garnish Plaintiffs' wages to satisfy the default judgments.

In October 2019, Plaintiffs instituted the instant suit against BCG in Utah state court, and BCQ subsequently removed the case to this court. In their complaint, Plaintiffs asserted two claims for relief against BCG: (1) violation of the Fair Debt Collection Practice Act ("FDCPA"), *see* 15 U.S.C. §§ 1692e–f; and (2) violation of the Utah Consumer Sales Practice Act ("UCSPA"), *see* Utah Code Ann. §§ 13-11-1–13-11-23. After answering Plaintiffs' complaint, BCG moved for judgment on the pleadings. On February 24, 2020, this court granted BCG's motion as to Plaintiffs' UCSPA claim but denied it as to Plaintiffs' FDCPA claim.

## DISCUSSION

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiffs now request that this court reconsider its decision partially granting BCG's motion for judgment on the pleadings and dismissing the UCSPA claim. It is within the court's discretion to reconsider a previous order. *Anderson v. Deer & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). Rule 54(b) provides that "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. P. 54(b). In *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981), the Tenth Circuit explained:

> When a court enunciates a rule of law in the course of a given case, the law of the case doctrine generally requires the court to adhere to the rule throughout the proceedings. 1B Moore's Federal Practice P 0.404(1) at 402–03. The rule is one of expedition, designed to bring about a quick resolution of disputes by preventing continued reargument of issues already decided. *Roberts v. Cooper*, 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969 (1858); *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir. 1967). Unlike res judicata, the rule is not an "inexorable command," but is to be applied with good sense. *Murtha*, 377 F.2d at 431–32. . . . When a lower court is convinced that an interlocutory ruling it has made is substantially erroneous, the only sensible thing to do is to set itself right to avoid subsequent reversal. *Lindsey*

*v. Dayton–Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.), *cert. denied*, 444 U.S. 856, 100 S. Ct. 116, 62 L. Ed. 2d 75 (1979). . . . Courts have generally permitted a modification of the law of the case when substantially different, new evidence has been introduced, subsequent, contradictory controlling authority exists, or the original order is clearly erroneous. *See Fuhrman v. United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir.), *cert. denied*, 414 U.S. 859, 94 S. Ct. 71, 38 L.Ed.2d 110 (1973); *Murtha*, 377 F.2d at 431–32.

Although Rule 54(b) allows a court to revisit any order that rules on less than all of the claims in a case, a motion to reconsider is not appropriate when it merely restates the party's position taken in the initial motion. A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court. *E.g., Maryland Cas. Co. v. Mid-Continent Cas. Co.*, No. 2:14-CV-00522, 2015 WL 13845459, at *1 (D. Utah Dec. 4, 2015) (unpublished).

In this case, much of Plaintiffs' pending motion constitutes nothing more than a disagreement with the court's decision. As such, the court need not address many of the arguments that Plaintiffs advance. Consequently, the court will limit its analysis to the following three arguments that Plaintiffs assert: (1) the court did not address whether engaging in allegedly unlawful debt collection practices by filing lawsuits constitutes a potential violation of the UCSPA; (2) BCG's actions were unconscionable in violation of Utah Code § 13-11-5, which the court failed to address; and (3) the court failed to specifically address why a potential FDCPA

3

violation cannot also serve as the basis for a UCSPA violation. The court will address each argument in turn.

First, Plaintiffs contend that the court did not address whether engaging in allegedly unlawful debt collection practices by filing lawsuits constitutes a potential violation of the UCSPA. They further contend that while they highlighted Utah Administrative Code, Rule 152-11-5(B)(5) as an example of BCG's alleged violation, that was not the only grounds upon which their UCSPA claim was premised. Indeed, they aver that in addition to Rule 152-11-5(B)(5), BCG violated the UCSPA by the very act of filing allegedly unlawful debt collection lawsuits.

The court finds Plaintiffs' argument to be without merit. In its original decision, the court concluded that if it held that BCG's failure to disclose its unregistered status constituted a UCSPA violation, it would have the impermissible effect of transforming a violation of the UCAA into a private right of action. *See* Memorandum Decision and Order [ECF No. 23] at 9. Despite Plaintiffs attempts to now circumvent that result by arguing that the court focused entirely on Rule 152-11-5(B)(5), the court highlights the fact that its analysis did not pertain exclusively to Rule 152-11-5(B)(5). Rather, its analysis also covers the contentions that Plaintiffs now assert. Plaintiffs claim that BCG violated the UCSPA by filing unlawful debt collection lawsuits—lawsuits that were allegedly unlawful because BCG filed them without being registered as required by the UCAA. Therefore, if the court concluded that BCG's actions of filing unlawful debt collection lawsuits constituted a UCSPA violation, the effect, again, would be that of transforming a UCAA violation into a private right of action under the UCSPA.[1] Accordingly, Plaintiffs' arguments fail to make any difference, and the court finds no reason to disturb its previous decision.

---

[1] In its decision, the court noted that "a debt collector must engage in unfair or misleading conduct *beyond* what the UCAA prohibits to support a finding that a collection agency also violated the UCSPA." Memorandum Decision

Second, Plaintiffs argue that BCG's practice of filing debt collection lawsuits while being unregistered constitutes an unconscionable practice. Plaintiffs further contend that the court's decision improperly focused entirely on Section 13-11-4, which discusses deceptive acts and requires that such acts be done knowingly or intentionally, and failed to address Section 13-11-5, which discusses unconscionable practices and requires no allegations of intent. Moreover, Plaintiffs argue that the court erred in concluding that Plaintiffs had failed to adequately allege that BCG had the requisite knowledge and intent because knowledge and intent are not required for unconscionable practices.

Again, the court finds Plaintiffs' arguments to be unavailing. Plaintiffs fail to appreciate the fact that the court dismissed its UCSPA claim on two distinct and independent grounds: (1) they were improperly attempting to transform a violation of the UCAA into a private right of action under the UCSPA; and (2) they failed to plead that BCG had the requisite knowledge or intent to engage in deceptive business practices as required by the UCSPA. Memorandum Decision and Order [ECF No. 23] at 10. Thus, although the second reason applies specifically to Section 13-11-4 and deceptive acts, the first reason applies irrespective of the particular UCSPA section—that is, whether under Section 13-11-4 or Section 13-11-5, Plaintiffs are improperly attempting to transform a violation of the UCAA into a private right of action under the

---

and Order [ECF No. 23] at 9 (emphasis added). As mentioned above, the UCAA mandates that no one can conduct a collection agency without being registered. Utah Code Ann. § 12-1-6. Here, Plaintiffs allege that BCG filed unlawful lawsuits because it was unregistered—an allegation that alleges nothing beyond what the UCAA prohibits. Furthermore, it is important to emphasize that Plaintiffs allege that BCG's lawsuits were unlawful based solely on the fact that it was unregistered with the State. Had BCG been registered with the State, Plaintiffs could not have characterized BCG's practice of filing debt collection lawsuits as being unlawful. Thus, Plaintiffs' UCSPA claim is nothing more than an attempt at weaponizing the UCAA and converting it into a private cause of action under the UCSPA.

5

UCSPA.[2] The court therefore concludes that because its original decision encompasses Plaintiffs' unconscionability arguments, it need not entertain them any further at this time.

Lastly, Plaintiffs argue that the court failed to specifically address why a potential FDCPA violation cannot also serve as the basis for a UCSPA violation. While the court need not consider this argument in depth given that the entirety of its original decision adequately addresses it, the court is inclined to provide an example as to why the facts of this case, as alleged in Plaintiffs' complaint, give rise to a potential FDCPA claim but not a UCSPA claim. This is so because, although the FDCPA and UCSPA are similar statutes with similar purposes, the truth still remains that they are separate statutes construed under different statutory schemes. For example, the FDCPA prohibits "any threat to take any action that cannot legally be taken." 15 U.S.C. § 1692e(5). Thus, because Plaintiffs alleged that BCG took an action that it could not legally take, i.e., filed lawsuits without being registered, it had adequately pleaded an FDCPA violation. The UCSPA, however, contains no such provision. And absent such a provision, there is no distinction between Plaintiffs' UCSPA claim and BCG's alleged violation of the UCAA. Consequently, Plaintiffs' UCSPA claim can simply be distilled down to an attempt to transform a UCAA violation into a private cause of action. Accordingly, the court finds Plaintiffs' arguments to be unavailing and concludes that their motion for reconsideration is without merit.

## CONCLUSION

Based on the foregoing reasoning, Plaintiffs' Motion for Reconsideration is hereby DENIED.

---

[2] Put differently, regardless of whether Plaintiffs allege that BCG's actions were misrepresentative, deceptive, or unconscionable, Plaintiffs' allegations are based strictly on the premise that BCG violated the UCAA by seeking to collect on a debt without being registered and nothing more. Thus, again, BCG's argument is unsustainable because it fails to allege anything beyond a routine violation of the UCAA.

Dated this 30th day of April, 2020.

                         BY THE COURT:

                         DALE A. KIMBALL
                         United States District Judge