IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **KARL BUHLER and REGINALD BENOIT,**<br><br>**Plaintiffs,**<br>v.<br><br>**BCG EQUITIES, LLC,**<br><br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00814-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiffs-Intervenors Kelly Leonard, Kenneth Stanley, and Andrew Smith's Motion to Intervene. (ECF No. 32.) The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court feels that a hearing is unnecessary to resolve this matter and issues the following Memorandum Decision and Order.

### BACKGROUND

On September 16, 2019, Plaintiffs filed their complaint in Utah state court. (ECF No. 5.) On October 24, 2020, Defendant removed the case to this court. (ECF No. 2.) Shortly after removal, Defendant filed both an answer and a motion for judgment on the pleadings. (ECF Nos. 9, 12.) This court partially granted Defendant's motion for judgment on the pleadings and subsequently denied Plaintiff's motion to reconsider. (ECF Nos. 23, 29.) On May 27, 2020, Plaintiff's filed its Motion to Intervene. (ECF No. 33.)

Here, Plaintiff-Intervenors moved to join the case as potential class representatives under Rule 24(b) of the Federal Rules of Civil Procedure because the named Plaintiffs (Karl Buhler and Reginald Benoit) have signed settlement agreements of their individual claims. (EDF No. 32

1

at 4). On May 29, 2020, Defendant filed an opposition to Plaintiff-Intervenors' Motion to Intervene, arguing that the settlement agreements between Defendant and Plaintiffs Buhler and Benoit require dismissal of the class action claims. (ECF No. 33.)

On May 6, 2020, Defendant's attorney provided Plaintiffs' attorney with a release form for both Buhler and Benoit. That same day, Plaintiffs' attorney reported to Defendant's attorney that the release form had been sent to Buhler and Benoit and that "no edits" had been made. The relevant portion of the release form states:

> Within ten (10) calendar days of the receipt of the payment described in the preceding paragraph, the parties, through counsel, shall execute and file a notice or stipulation of dismissal of [Buhler and Benoit's] claims in the Federal Court Action, with prejudice, and dismissal of the alleged class claims without prejudice.

(ECF No 33, at 3–4.) By May 27, 2020, Plaintiffs' lawyer returned the signed release forms and signatures for both Benoit and Buhler. That same day, Plaintiff-Intervenors—through the same counsel for Buhler and Benoit—filed this motion to intervene.

On May 28, 2020, Defendant wired the money according to the terms of the settlement agreement. A few weeks later, and pursuant to the settlement agreement, Plaintiffs filed a Notice of Dismissal stating:

> Buhler and Benoit's individual clam and their individual claims should be dismissed with prejudice. This settlement has no effect on the class' claims, and the three class members. . . have sought intervention in the case to continue the class claim. Should the court deny the motion to intervene, dismissal as to the class should be without prejudice.

(ECF No. 37.)

## DISCUSSION

Rule 24 of the Federal Rules of Civil Procedure provides for permissive intervention that allows the court to allow intervention to "anyone who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive

2

intervention allows the court to "exercise[] its discretion" when considering whether or not to grant the motion to intervene. *Id.* at (b)(3). In making this determination, a court typically focuses on the timeliness of the motion or whether intervention would result in an undue delay or prejudice the main action. *Id*. This standard is higher when a party seeks to intervene after judgement has been entered in the main action.

When a party seeks to intervene after judgment has been entered in a case, the "proposed intervenor must make a 'strong showing.'" *Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 665 (D.N.M. 2017) (collecting cases). "The extra scrutiny is meant to protect the parties and help the courts." *Id.* at 666. "When it comes to post-judgment class action intervention motions, courts have denied post-judgment intervention when doing so would, *e.g.*, destroy a settlement." *Id.* (citation omitted). The court believes that Plaintiffs have not made this strong showing and that granting intervention would prejudice Defendant by undermining the bargained-for terms of the settlement agreement.

In this instance, the language of the settlement agreement is clear: the Plaintiffs' counsel was required to "file a notice or stipulation of dismissal. . . of the alleged class claims without prejudice." (ECF No. 33-2 (redacted).) The subsequent Rule 41 Notice of Dismissal (ECF No. 37) and the Motion to Intervene (ECF No. 33) directly contradict this provision in the settlement agreement. For example, the Notice of Dismissal states that the "settlement has no effect on the class' claims." (ECF No. 37). Additionally, in connection to Plaintiffs' Motion to Intervene, Plaintiffs' counsel states that "[t]he Intervenors move to join the case as prospective class representatives in order to continue the class claims." (ECF No. 39 at 2.) Plaintiffs' counsel seems to entirely ignore the settlement agreements provisions whereby Plaintiffs agreed to dismiss the class claims without prejudice. The settlement agreements provisions necessitating

3

the dismissal of the class claims is dispositive of the issue at hand. According to the terms of the agreements, Plaintiffs were required to stipulate to the dismissal without prejudice of the class action claims. The court will hold the parties to the terms of their agreements.

For the forgoing reasons and pursuant to Plaintiffs' Notice of Dismissal (ECF No. 37), the terms of the settlement agreement (ECF No. 33-2), and the discretion granted to the court under Rule 24 of the Federal Rules of Civil Procedure, the court DENIES Plaintiff-Intervenors Motion to Intervene (ECF No. 33.) Additionally, the court dismisses Plaintiffs' class claims without prejudice.

Dated this 3d day of February, 2021.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge